IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| ROLAND SCOTT WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION NO. 2:07cv699-WC |
| | ) | |
| v. | ) | |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

**I.    INTRODUCTION**

Plaintiff Roland Scott Williams (Williams) applied for disability insurance benefits pursuant to Title II of the Social Security Act, 42 U.S.C. § 401 *et seq.* (2000) (the Act), alleging he was unable to work because of a disability. Williams's applications were denied at the initial administrative level. Williams then requested and received a hearing before an Administrative Law Judge (ALJ). Following the hearing, the ALJ also denied the claims. The Appeals Council rejected a subsequent request for review. The ALJ's decision consequently became the final decision of the Commissioner of Social Security (Commissioner).[1]   *See Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). The case is now before the Court for review under 42 U.S.C. § 405(g). Pursuant to 28 U.S.C. § 636(c), both parties have consented to the conduct of all proceedings and entry of a final judgment

---

[1] Pursuant to the Social Security Independence and Program Improvements Act of 1994, Pub. L. No. 103-296, 108 Stat. 1464, the functions of the Secretary of Health and Human Services with respect to Social Security matters were transferred to the Commissioner of Social Security.

by the undersigned United States Magistrate Judge. Pl.'s Consent to Jurisdiction (Doc. #11); Def.'s Consent to Jurisdiction (Doc. #10). Based on the Court's review of the record and the briefs of the parties, the Court AFFIRMS the Commissioner's decision.

## II.  STANDARD OF REVIEW

Under 42 U.S.C. § 423(d)(1)(A), a person is entitled to disability benefits when the person is unable to

> engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

42 U.S.C. § 423(d)(1)(A).[2]

To make this determination, the Commissioner employs a five step, sequential evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920 (2006).

> (1) Is the person presently unemployed?
> (2) Is the person's impairment severe?
> (3) Does the person's impairment meet or equal one of the specific impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1? [the Listing of Impairments]
> (4) Is the person unable to perform his or her former occupation?
> (5) Is the person unable to perform any other work within the economy?
>
> An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability. A negative answer to any question, other than step three, leads to a determination of "not disabled."

---

[2] A "physical or mental impairment" is one resulting from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).[3]

The burden of proof rests on a claimant through Step 4. *See Phillips v. Barnhart*, 357 F.3d 1232, 1237-39 (11th Cir. 2004). A claimant establishes a *prima facie* case of qualifying disability once they have carried the burden of proof from Step 1 through Step 4. At Step 5, the burden shifts to the Commissioner, who must then show there are a significant number of jobs in the national economy the claimant can perform. *Id*.

To perform the fourth and fifth steps, the ALJ must determine the claimant's Residual Functional Capacity (RFC). *Id*. at 1238-39. RFC is what the claimant is still able to do despite his impairments and is based on all relevant medical and other evidence. *Id*. It also can contain both exertional and nonexertional limitations. *Id*. at 1242-43. At the fifth step, the ALJ considers the claimant's RFC, age, education, and work experience to determine if there are jobs available in the national economy the claimant can perform. *Id*. at 1239. To do this, the ALJ can either use the Medical Vocational Guidelines[4] (grids) or call a vocational expert. *Id*. at 1239-40.

The grids allow the ALJ to consider factors such as age, confinement to sedentary or light work, inability to speak English, educational deficiencies, and lack of job experience. Each factor can independently limit the number of jobs realistically available to an

---

[3] *McDaniel v. Bowen*, 800 F.2d 1026 (11th Cir. 1986), is a supplemental security income case (SSI). The same sequence applies to disability insurance benefits. Cases arising under Title II are appropriately cited as authority in Title XVI cases. *See, e.g., Ware v. Schweiker*, 651 F.2d 408 (5th Cir. 1981) (Unit A).

[4] *See* 20 C.F.R. pt. 404 subpt. P, app. 2.

individual. *Phillips*, 357 F.3d at 1240. Combinations of these factors yield a statutorily-required finding of "Disabled" or "Not Disabled." *Id*.

The Court's review of the Commissioner's decision is a limited one. This Court must find the Commissioner's decision conclusive if it is supported by substantial evidence. 42 U.S.C. § 405(g); *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997). "Substantial evidence is more than a scintilla, but less than a preponderance. It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). A reviewing court may not look only to those parts of the record which support the decision of the ALJ, but instead must view the record in its entirety and take account of evidence which detracts from the evidence relied on by the ALJ. *Hillsman v. Bowen*, 804 F.2d 1179 (11th Cir. 1986).

> [The court must] . . . scrutinize the record in its entirety to determine the reasonableness of the [Commissioner's] . . . factual findings. . . . No similar presumption of validity attaches to the [Commissioner's] . . . legal conclusions, including determination of the proper standards to be applied in evaluating claims.

*Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987).

**III.    ISSUES**

   *A.    Introduction*

Williams was forty-one years old and had an eighth grade education at the time of the hearing before the ALJ. (Tr. 20, 76, 587). Williams's past relevant work experience

4

included work as a truck driver and heavy equipment operator. (Tr. 20, 587, 596). Following the administrative hearing, and employing the five step process, the ALJ found Williams had not engaged in substantial gainful activity since the alleged onset date (Step 1). (Tr. 26). At Step 2, the ALJ found Williams suffered from the severe impairments of lumbar disc disease. *Id*. The ALJ nonetheless found Williams did not possess an impairment or combination of impairments that met or equaled the criteria of any listed impairment set forth in the Listing of Impairments (Step 3). *Id*. At Step 4, the ALJ found Williams could not perform his past relevant work based upon his RFC. *Id*. At Step 5, the ALJ determined Williams possessed the RFC to perform jobs that exist in significant numbers in the national economy. (Tr. 27). Consequently, the ALJ found Williams had not been disabled since the alleged onset date.

### B.   *Williams's Claims*

Williams sets forth four issues: (1) whether the ALJ's RFC finding lacked the support of substantial evidence; (2) whether the ALJ failed to provide adequate reasons for rejecting the medical opinions expressed by Dr. Boyington; (3) whether the ALJ failed to demonstrate that there were significant jobs existing in the national economy that Williams could perform; and (4) whether the ALJ erred in rejecting Williams's pain testimony. (Doc. #13 at 11).

## IV.    DISCUSSION

### A.    *Whether the ALJ's RFC finding lacked the support of substantial evidence.*

Williams argues the ALJ improperly relied on Doctor Roland Rivard's (Dr. Rivard) findings in making the RFC determination, and Dr. Rivard's findings conflict with the substantial evidence of record, specifically, the medical opinions expressed by Williams's treating physician, Doctor Roger Boyington (Dr. Boyington). Williams does not contest Dr. Rivard's methodology, only his findings, as they conflict with Dr. Boyington's conclusions. Williams fails to express what substantial evidence, other than Dr. Boyington's opinions, is in conflict with the ALJ's RFC.

In making the RFC determination, the ALJ explicitly rejected the opinion of Dr. Boyington and instead relied on Dr. Rivard's findings. If the ALJ's determination to rely on Dr. Rivard was correct, then his RFC assessment was proper. Because Williams has challenged the ALJ's rejection of Dr. Boyington's opinion in his second claim, the Court will address the ALJ's reliance on Dr. Rivard's findings and his rejection of Dr. Boyington's opinion in subsection B.

### B.    *Whether the ALJ failed to provide adequate reasons for rejecting the medical opinions expressed by Dr. Boyington.*

Generally, a treating physician's opinion is entitled to substantial weight. *See* 20 C.F.R. §§ 404.1527, 416.927 (2007); *see also Wilson v. Heckler*, 734 F.2d 513, 516 (11th Cir. 1984). Thus, Dr. Boyington's opinion "'must be given substantial or considerable

weight unless 'good cause' is shown to the contrary.'" *Phillips v. Barnhart*, 357 F.3d 1232, 1240 (11th Cir 2004) (*quoting Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997). "[The Eleventh Circuit] has concluded "good cause" exists when the: (1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records." *Id*. at 1240-41. Further, "[w]hen electing to disregard the opinion of a treating physician, the ALJ must clearly articulate its reasons." *Id*. at 1241.

The ALJ rejected Dr. Boyington's opinion because the opinion was not consistent with Dr. Boyington's own treatment notes and because the opinion was not bolstered by the evidence. (Tr. 23). Dr. Boyington did not indicate Williams was disabled until he completed the functional capacities evaluation form ("FCE form") on 3 March 2005. (Tr. 352). However, on 31 January 2005, Dr. Boyington noted that Williams could ambulate without difficulty (Tr. 369). In fact, throughout Dr. Boyington's treatment notes he indicated Williams could perform light work, it was not until the FCE form was completed that Dr. Boyington changed his opinion, and he offered no explanation for that change. In addition, Doctors Prince and Volkman described Williams as capable of light work. (Tr. 23). Thus, because Dr. Boyington's opinion was conclusory and inconsistent with his own treatment notes, and was not bolstered by the evidence, the ALJ could properly discount his opinion. *Phillips, 357* F.3d at 1240.

Williams's only argument as to the ALJ's reliance on Dr. Rivard (HealthSouth

evaluation) is that the ALJ improperly relied on Dr. Rivard's findings after rejecting Dr. Boyington's findings. In other words, Williams does not contest Dr. Rivard's reasoning and/or methodology, he merely argues the ALJ should have relied on Dr. Boyington's opinion. Once the ALJ determined Dr. Boyington's opinion was not credible, the ALJ could rely on Dr. Rivard's findings if they contained credible objective findings. The ALJ specifically stated that he relied on Dr. Rivard's findings because the HealthSouth evaluation was made up entirely of objective tests, and because Dr. Rivard did not rely on the subjective complaints of Williams, but actually tested the consistency of Williams's efforts in performing various lifting tasks. (Tr.23). Further, as the ALJ explains, Dr. Rivard's findings were consistent with the other objective medical evidence in the record, including Dr. Boyington's treatment notes. *Id*. Thus, the ALJ's reliance upon Dr. Rivard's findings, after properly rejecting those of Dr. Boyington, were reasonable and supported by the record as a whole.

  **C.**  ***Whether the ALJ failed to demonstrate that there were significant jobs existing in the national economy that Williams could perform.***

Williams argues the ALJ failed to demonstrate there were significant jobs existing in the national economy Williams could perform, because the ALJ failed to include the non-exertional limitations from which Williams suffers, i.e. pain, in the hypothetical question posed to the vocational expert ("VE"). Essentially, this claim challenges whether the ALJ posed a proper question to the VE "which comprise[d] all of the claimant's impairments."

8

*Wilson v. Barnhart*, 284 F.3d 1219, 1227 (11th Cir. 2002).

Once the ALJ found Williams could no longer perform past relevant work, the ALJ was required to determine whether Williams could perform other jobs within the national economy. *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999). The ALJ may make that determination through the aid of a VE. *Id*. at 1229. "In order for a VE's testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments," *id.*, "[b]ut the hypothetical need only include limitations supported by the record." *Lanier v. Comm'r. of Soc. Sec.*, 252 F.App'x 311, 315 (11th Cir. 2007) (*citing Jones*, 190 F. 3d at 1229); *see also Wilson,* 284 F.3d at 1227.

As discussed below, the ALJ properly rejected Williams's pain testimony and was therefore not required to include the non-exertional pain limitations advanced by Williams in the hypothetical question posed to the VE.

### D.    *Whether the ALJ erred in rejecting Williams's pain testimony.*

Before an ALJ can consider the subjective pain testimony of a claimant, the claimant must satisfy two parts of a three-part test. A claimant must show "evidence of an underlying medical condition, and either (1) objective medical evidence to confirm the severity of the alleged pain arising from that condition, or (2) that the objectively determined medical condition is of a severity that can reasonably be expected to give rise to the alleged pain." *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995).

In this case, the ALJ found that while Williams suffered back and nerve problems (Tr. 291, 297), and struggled despite physical therapy (Tr. 305), the objective medical evidence in this case showed that Williams retained the ability to perform light work. (Tr. 23). As the ALJ pointed out: Dr. Boyington's notes indicated Williams could perform light work; Dr. Prince and Dr. Volkman described Williams as capable of light work; and the HealthSouth evaluation "described abilities consistent with a reduced range of medium work." (Tr. 23). The only evidence Williams can offer to satisfy the test is the properly rejected opinion of Dr. Boyington.

Thus, although Williams can show he suffered from an underlying medical condition, he is unable to show "(1) objective medical evidence to confirm the severity of the alleged pain arising from that condition, or (2) that the objectively determined medical condition is of a severity that can reasonably be expected to give rise to the alleged pain." *Id*. Therefore, the ALJ properly rejected Williams's subjective pain testimony.

## V.   CONCLUSION

Pursuant to the findings and conclusions detailed in this *Memorandum Opinion and Order*, the Court concludes the ALJ's non-disability determination and denial of benefits is supported by substantial evidence. It is, therefore, **ORDERED** that the decision of the Commissioner is **AFFIRMED**. A separate judgment is entered herewith.

DONE this 4th day of September, 2008.

<u>/s/ Wallace Capel, Jr.</u><br>
WALLACE CAPEL, JR.<br>
UNITED STATES MAGISTRATE JUDGE

A copy of this checklist is available at the website for the USCA, 11th Circuit at www.ca11.uscourts.gov
Effective on April 9, 2006, the new fee to file an appeal will increase from $255.00 to $455.00.

## CIVIL APPEALS JURISDICTION CHECKLIST

1. **Appealable Orders:** Courts of Appeals have jurisdiction conferred and strictly limited by statute:

    (a) **Appeals from final orders pursuant to 28 U.S.C. § 1291:** Only final orders and judgments of district courts, or final orders of bankruptcy courts which have been appealed to and fully resolved by a district court under 28 U.S.C.§ 158, generally are appealable. A final decision is one that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Pitney Bowes, Inc. v. Mestre, 701 F.2d 1 365, 1 368 ( 11th Ci r. 1 983). A magistrate judge's report and recommendation is not final and appealable until judgment thereon is entered by a district court judge. 28 U.S.C. § 636(c).

    (b) **In cases involving multiple parties or multiple claims,** a judgment as to fewer than all parties or all claims is not a final, appealable decision unless the district court has certified the judgment for immediate review under Fed.R.Civ.P. 54(b). Williams v. Bishop, 732 F.2d 885, 885- 86 (11th Cir. 1984). A judg ment which resolves all issues except matters, such as attorneys' fees and costs, that are collateral to the merits, is immediately appealable. Budinich v. Becton Dickinson & Co., 486 U.S.196, 201, 108 S.Ct. 1717, 1721-22, 100 L .Ed.2d 178 (1988); LaChance v. Duffy's Draft House, Inc., 146 F.3d 832, 837 (11th Cir. 1998).

    (c) **Appeals pursuant to 28 U.S.C. § 1292(a):** Appeals are permitted from orders "granting, continuing, modifying, refusing or dissolving injunctions or refusing to dissolve or modify injunctions . . ." and from "[i]nterlocutory decrees . . . determining the rights and liabilities of parties to admiralty cases in which appeals from final decrees are allowed." Interlocutory appeals from orders denying temporary restraining orders are not permitted.

    (d) **Appeals pursuant to 28 U.S.C. § 1292(b) and Fed.R.App.P. 5**: The certification specified in 28 U.S.C. § 1292(b) must be obtained before a petition for permission to appeal is filed in the Court of Appeals. The district court's denial of a motion for certification is not itself appealable.

    (e) **Appeals pursuant to judicially created exceptions to the finality rule:** Limited exceptions are discussed in cases including, but not limited to: Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 546, 69S.Ct. 1221, 1225-26, 93 L.Ed. 1528 (1949); Atlantic Fed. Sav. & Loan Ass'n v. Blythe Eastman Paine Webber, Inc., 890 F.2d 371, 376 (11th Cir. 1989); Gillespie v. United States Steel Corp., 379 U.S. 148, 157, 85 S.Ct. 308, 312, 13 L.Ed.2d 199 (1964).

Rev.: 4/04

2. **Time for Filing**: The timely filing of a notice of appeal is mandatory and jurisdictional. Rinaldo v. Corbett, 256 F.3d 1276, 1278 (11th Cir. 2001). In civil cases, Fed.R.App.P. 4(a) and (c) set the following time limits:

   (a) **Fed.R.App.P. 4(a)(1):** A notice of appeal in compliance with the requirements set forth in Fed.R.App.P. 3 must be filed in the district court within 30 days after the entry of the order or judgment appealed from. However, if the United States or an officer or agency thereof is a party, the notice of appeal must be filed in the district court within 60 days after such entry. **THE NOTICE MUST BE RECEIVED AND FILED IN THE DISTRICT COURT NO LATER THAN THE LAST DAY OF THE APPEAL PERIOD – no additional days are provided for mailing.** Special filing provisions for inmates are discussed below.

   (b) **Fed.R.App.P. 4(a)(3):** "If one party timely files a notice of appeal, any other party may file a notice of appeal within 14 days after the date when the first notice was filed, or within the time otherwise prescribed by this Rule 4(a), whichever period ends later."

   (c) **Fed.R.App.P. 4(a)(4):** If any party makes a timely motion in the district court under the Federal Rules of Civil Procedure of a type specified in this rule, the time for appeal for all parties runs from the date of entry of the order disposing of the last such timely filed motion.

   (d) **Fed.R.App.P. 4(a)(5) and 4(a)(6):** Under certain limited circumstances, the district court may extend the time to file a notice of appeal. Under Rule 4(a)(5), the time may be extended if a motion for an extension is filed within 30 days after expiration of the time otherwise provided to file a notice of appeal, upon a showing of excusable neglect or good cause. Under Rule 4(a)(6), the time may be extended if the district court finds upon motion that a party did not timely receive notice of the entry of the judgment or order, and that no party would be prejudiced by an extension.

   (e) **Fed.R.App.P. 4(c):** If an inmate confined to an institution files a notice of appeal in either a civil case or a criminal case, the notice of appeal is timely if it is deposited in the institution's internal mail system on or before the last day for filing. Timely filing may be shown by a declaration in compliance with 28 U.S.C. § 1746 or a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid.

3. **Format of the notice of appeal:** Form 1, Appendix of Forms to the Federal Rules of Appellate Procedure, is a suitable format. See also Fed.R.App.P. 3(c). A pro se notice of appeal must be signed by the appellant.

4. **Effect of a notice of appeal:** A district court loses jurisdiction (authority) to act after the filing of a timely notice of appeal, except for actions in aid of appellate jurisdiction or to rule on a timely motion of the type specified in Fed.R.App.P. 4(a)(4).